IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKA PITCHFORD<br>610 N. VALLEY ROAD<br>LANSDALE, PA 19446<br>        Plaintiff,<br>v.<br><br>WILLIAM PENN SCHOOL DISTRICT<br>100 GREEN AVENUE<br>LANSDOWNE, PA 19050<br>        Defendant; | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | TRIAL DIVISION<br><br>CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED<br><br>*ELECTRONICALLY FILED* |

### I.   COMPLAINT CIVIL ACTION

Plaintiff, Tamika Pitchford by and through her attorney Michael A. Walker, Esquire, claims of Defendants, for damages, upon causes of action wherein the following are true statements:

### II.   PARTIES

1. Plaintiff, Tamika Pitchford is an adult African-American woman who was formerly employed by the William Penn School District in Lansdowne, Pa 19050.

2. Defendant, the William Penn School District, 100 Green Avenue, Lansdowne, PA 19050.

3. Defendant, William Penn School District is a large suburban school district in Pennsylvania serving more than 5000 students in Delaware County, Pennsylvania with its administrative offices at the address indicated in the above caption.

1

4. At all times relevant thereto employees, contractors, managers, supervisors of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

5. At all times relevant hereto Ms. Tamika Pitchford had an employment relationship with Defendant and in good standing.

6. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act requiring four or more employees and is subject to the provisions of said Act.

### III. JURISDICTION AND VENUE

7. The instant matter is properly in the Eastern District pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

8. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391 (b), insofar as the alleged unlawful conduct complained of in this Compliant, which forms the factual and legal basis of the Plaintiffs' claims, arose within the geographical limits of this District in general and within the geographical limits of the County of Delaware, Pennsylvania, in particular.

### FACTUAL BACKGROUND

9. Plaintiff incorporates by reference paragraphs 1 through 8 of this Complaint as if fully set forth at length hereinafter.

10. Ms. Tamika Pitchford is an African-American female.

11. On or about September 10, 2019, Ms. Pitchford was excited to be selected for the position of Special Education Department Head.

12. Significantly, throughout her employment and all times relevant hereto, Ms.

Pitchford performed her duties in an excellent manner, received positive performance reviews and had ample qualifications for the instant promotion.

13. Ms. Pitchford decided to apply for the position when she was made aware that Ms. Rebecca Vandenberg, the Department head for the past several years, had decided not to run for an additional term.

14. In fact, Ms. Vandenberg, a white female, made an open and notorious comment that she did not intend to seek an additional term.

15. Ms. Pitchford, timely applied for the position.

16. Ms. Pitchford was given at least two separate interviews for the position including at least one with, Defendant employee Joe Conley.

17. Ms. Pitchford was awarded the position and yet in the short term of her new position, Ms. Pitchford was subjected to ridicule, harassment by administrators and discriminated against.

18. Upon information, Ms. Vandenberg provided an email after the deadline for application for the position had lapsed, that she indeed desired to run for the position for a new term.

19. Further, upon information and belief, the email provided did not comply with the Schools own policy with regard to reapplying for the position.

20. In fact, the EEOC found that Defendant when asked about Ms. Vanderburg's compliance provided little with regard to a proper response. (See Determination Letter attached as Exhibit 1)

21. Defendant, demoted Ms. Pitchford, giving the position back to Ms. Vanderberg explaining that the Union policy compels that Ms. Vanderberg continue in the position.

22. Plaintiff, believes and therefore avers that the instant decision was based on racist

animus, discrimination based on race and in contravention of the rights bestowed by the United States Constitution.

23. Defendant had a general policy and on-going practice of discriminating against nonwhite, particularly their African-American employees. This policy and practice was manifested in following ways:

    a. Demoting African American employees, namely the Plaintiff herein, on the basis of race and not performance.

    b. Failing and refusing to take adequate steps to eliminate the effects of its past discriminatory practices.

24. The discriminatory demotion by Defendant was clear and manifest.

25. Defendant discriminated against Ms. Pitchford based on her race.

## IV. PROCEDURAL AND ADMINISTRATIVE REMEDIES

26. All of the allegations contained in paragraphs 1-25 of this Complaint are incorporated by reference herein as if same were set forth at length.

27. On or about June 23, 2021, a initial determination was provided to Plaintiff, by the U.S. Equal Employment Opportunity Commission in the Philadelphia District Office.

28. On or about May 3, 2022, counsel received notice of rights letter from the U.S. Department of Justice, Civil Rights Division. (Exhibit 2)

## V. COUNT I

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. All of the allegations contained in paragraphs 1- 28 of this Complaint are incorporated by reference herein as if same were set forth at length.

30. Defendant through its agents, servants and employees, have engaged in illegal, discriminatory and retaliatory practices against Plaintiff in the terms and conditions of her employment as a direct result of their demotion of her position due to her race.

31. Title VII make it unlawful for an employer to discriminate against any individual with respect to any difference in treatment on the basis of race.

32. Defendant intentionally and knowingly discriminated against Plaintiff, demoting her from a position that was rightfully and properly awarded to Plaintiff.

33. Defendant knew or should have known that its employment practices through its agents and or employees had discriminated against Ms. Pitchford and failed to stop, continued and/or encouraged its practice, thus aiding and abetting the discriminatory practices by its agents, servants, contractors, workmen, supervisors, managers, and employees in violation of the law.

34. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered financial injury, including but not limited to past loss of earnings, future loss of earnings, loss of earning potential and loss of benefits.

35. As a direct and/or proximate results of the above-described discriminatory actions of Defendant, Plaintiff suffered severe emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, depression, anxiety and embarrassment.

36. As a direct and/or proximate result of the above-described discriminatory conduct

Plaintiff suffered physical and emotional injuries.

37. As a direct and/or proximate result of the above-described discriminatory conduct Plaintiff suffered professional injuries including injury but not limited to her professional development.

## V. COUNT II

### THE PENNSYLVANIA HUMAN RELATIONS ACT and 42 U.S.C. § 1983

38. All of the allegations contained in paragraphs 1-37 of this Complaint are incorporated by reference herein as if same were set forth at length.

39. Defendant, by and through their agents, servants and employees, has discriminated, harassed and retaliated against Plaintiff based upon her race, demoted her inviolate of the Pennsylvania Human Relations Act 43 P.S. §§ 951, *et seq.*

40. In subjecting Plaintiff to demotion of employment and adverse employment actions because of her race violated the Pennsylvania Human Relations Act 43 P.S. §§ 951, et seq.

41. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered financial injury including but not limited to past loss earnings, future loss of earnings, loss of earning potential and loss of benefits.

42. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered severe emotional and psychological distress, loss of self esteem, loss

6

of future earning power, plus back pay, front pay and interest due thereon.

43. As a direct and/or proximate result of the above-described discriminatory actions of Defendant, Plaintiff suffered physical and emotional injuries.

44. As a direct and/or proximate result of the above-described discriminatory actions of Defendant, Plaintiff suffered professional injuries including but not limited to his professional development and professional reputation.

**WHEREFORE** Plaintiff, Tamika Pitchford respectfully requests this Court to enter judgment in his favor and against Defendant in excess of arbitration limits and it enter an Order providing for:

a. Exercise of jurisdiction over her claim.

b. The award to Plaintiff of compensatory damages, including but not limited to back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for her mental, psychological and emotional injuries, anguish, humiliation, anxiety, physical and mental pain and suffering, loss of life's pleasures, all of which may be permanent, together with interest, resulting from Defendant's discriminatory and tortuous conduct;

c. The award to Plaintiff of punitive damages, pre and post judgment interest, costs of suit and attorney fees allowed by law;

d. Defendant is to be prohibited from continuing to maintain their illegal policy,

practice or custom of discriminating against employees based on race and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

    e.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination, harassment and/or retaliation at the hands of Defendant until the date of verdict;

    f.    Plaintiff is to be awarded actual damages, as well as damages for pain, suffering and humiliation caused to him by Defendant's actions;

    g.    Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

    h.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided for by applicable law;

    i.    Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage-or ceases engaging- in illegal retaliation against Plaintiff or other witnesses to this action;

    j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Order therein;

k.  The Court shall award such other relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands trial by Jury.

Respectfully submitted:
THE LAW OFFICE OF
**MICHAEL A. WALKER**

BY: _____
MICHAEL A. WALKER, ESQUIRE
Supreme Court ID No. 94774

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Attorney for Plaintiff in the foregoing action and the attached Complaint is based upon information which I received from Plaintiff and information which has been gathered by our office in preparation of the instant lawsuit. The language of the Complaint is that of counsel. Plaintiff was furnished a copy of the instant Complaint and to the extent that the Complaint is based upon information, which was given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, Plaintiff relied upon counsel in agreeing with this Verification. I hereby acknowledge that the fact set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa.C.S. 4904 relating to unsworn falsification to authorities.

8/1/22
DATE

_____
Michael A. Walker, Esq.
Counsel for Plaintiff